1   Michael S. Chamberlin (SBN 175427)
2   Matthew W. Morris (SBN 309741)
    **BAKER & HOSTETLER LLP**
3   11601 Wilshire Boulevard, Suite 1400
    Los Angeles, CA  90025-0509
    Telephone:  310.820.8800
4   Facsimile:   310.820.8859
    *Emails:*    mchamberlin@bakerlaw.com
5                mmorris@bakerlaw.com

6   Mark D. Temple (*pro hac vice application forthcoming*)
    **BAKER & HOSTETLER LLP**
7   811 Main Street, Suite 1100
    Houston, TX 77002-6111
8   Telephone:  713.751.1600
    Facsimile:   713.751.1717
9   *Email:*     mtemple@bakerlaw.com

10  *Attorneys for Defendant*
    MACPHERSON OIL COMPANY LLC
11

12                    **UNITED STATES DISTRICT COURT**

13                   **EASTERN DISTRICT OF CALIFORNIA**

14
    CECIL JOHNSTON, Individually and        Case No.:  23-cv-01023-CDB
15  for Others Similarly Situated,
                                            **DEFENDANT'S ANSWER TO**
16           Plaintiff,                     **PLAINTIFF'S CLASS AND**
                                            **COLLECTIVE ACTION**
17      v.                                  **COMPLAINT**

18  MACPHERSON OIL COMPANY LLC,
    a California limited liability company,
19
             Defendants.
20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant Macpherson Oil Company LLC ("Macpherson" or "Defendant") hereby answers Plaintiff Cecil Johnston's ("Johnston" or "Plaintiff") Class and Collective Action Complaint ("Complaint") as follows:

1.      With respect to Paragraph 1, Defendant admits that Plaintiff purports to bring this class and collective action to recover allegedly unpaid wages and damages from Macpherson.  Defendant denies that Plaintiff is entitled to any recovery.

2.      With respect to Paragraph 2, Defendant admits that Johnston provided services as a Drilling Consultant on Macpherson projects located in and around Bakersfield, Kern County, California.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

3.      With respect to Paragraph 3, Defendant lacks sufficient information and belief to admit or deny the allegations in this paragraph and on that basis denies these allegations in their entirety.

4.      With respect to Paragraph 4, Defendant lacks sufficient information and belief to admit or deny the allegations in this paragraph and on that basis denies these allegations in their entirety.

5.      With respect to Paragraph 5, Macpherson denies that it ever employed Johnston and therefore denies that it had any obligation to pay Johnston overtime (or double time) wages.

6.      With respect to Paragraph 6, Defendant admits that Plaintiff performed services on Macpherson projects as an independent contractor.  The remainder of this paragraph sets forth nothing but legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

7.      With respect to Paragraph 7, Defendant denies the allegations in this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8.      With respect to Paragraph 8, Defendant denies the allegations in this paragraph in their entirety.

9.      With respect to Paragraph 9, Defendant denies the allegations in this paragraph in their entirety.

10.      With respect to Paragraph 10, Defendant denies the allegations in this paragraph in their entirety.

11.      With respect to Paragraph 11, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

12.      With respect to Paragraph 12, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

13.      With respect to Paragraph 13, Defendant denies the allegations in this paragraph in their entirety.

14.      With respect to Paragraph 14, Defendant denies the allegations in this paragraph in their entirety.

15.      With respect to Paragraph 15, Defendant denies the allegations in this paragraph in their entirety.

16.      With respect to Paragraph 16, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

17.      With respect to Paragraph 17, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

18.      With respect to Paragraph 18, Defendant admits that its principal place of business is located in Santa Monica, California.  The rest of this paragraph sets forth nothing but legal conclusions to which no response is required.

19.      With respect to Paragraph 19, Defendant denies that it employed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff, however, upon information and belief, Defendant does not contest that venue in the Eastern District is appropriate based on Plaintiff's allegations in his operative complaint.

20.     With respect to Paragraph 20, Defendant admits Johnston intermittently provided services as a Drilling Consultant on Macpherson projects located in and around Bakersfield, Kern County, California from approximately October 2010 to January 2022.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

21.     With respect to Paragraph 21, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

22.     With respect to Paragraph 22, Defendant denies the allegations in this paragraph in their entirety.

23.     With respect to Paragraph 23, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

24.     With respect to Paragraph 24, Defendant admits that because Plaintiff provided services as an independent contractor, it did not provide Plaintiff with meal and rest break premiums.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

25.     With respect to Paragraph 25, Defendant admits that Johnston performed services on Macpherson projects as an independent contractor and that, because Plaintiff was not employed by Macpherson, it did not provide him with itemized wage statements.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

26.     With respect to Paragraph 26, Defendant lacks sufficient information

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and belief to admit or deny the allegations in this paragraph and on that basis denies these allegations in their entirety.

27.    With respect to Paragraph 27, Defendant admits that Plaintiff purports to have brought this action on behalf of himself and other allegedly similarly situated Drilling Consultants.  Except as expressly admitted herein, Defendant denies the  allegations in this paragraph in their entirety.

28.    With respect to Paragraph 28, Defendant denies the allegations in this paragraph in their entirety.

29.    With respect to Paragraph 29, Defendant denies the allegations in this paragraph in their entirety.

30.    With respect to Paragraph 30, Defendant denies the allegations in this paragraph in their entirety.

31.    With respect to Paragraph 31, Defendant denies the allegations in their entirety.

32.    With respect to Paragraph 32, Defendant admits that that independent contractors who perform services as Drilling Consultants on Macpherson projects have independent discretion to take meal and rest breaks as they see fit.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

33.    With respect to Paragraph 33, Defendant denies the allegations in this paragraph in their entirety.

34.    With respect to Paragraph 34, Defendant admits that Johnston performed services on Macpherson projects as an independent contractor and that, because Plaintiff was not employed by Macpherson, it did not provide him with itemized wage statements.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

35.    With respect to Paragraph 35, this paragraph sets forth a legal conclusion, to which no response is required.  Defendant denies that Plaintiff's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

claims are appropriate for class treatment and denies the allegations of this paragraph in their entirety.

36.     With respect to Paragraph 36, Defendant admits that Plaintiff purportedly seeks to maintain his current action as a class action.  Defendant denies that class treatment is appropriate in this matter.

37.     With respect to Paragraph 37, this paragraph sets forth a legal conclusion, to which no response is required.  Defendant denies that Plaintiff's claims are appropriate for class treatment and denies the allegations of this paragraph in their entirety.

38.     With respect to Paragraph 38, this paragraph sets forth a legal conclusion, to which no response is required.  Defendant denies that Plaintiff's claims are appropriate for class treatment and denies the allegations of this paragraph in their entirety.

39.     With respect to Paragraph 39, Defendant admits the allegations.

40.     With respect to Paragraph 40, Defendant admits the allegations.

41.     With respect to Paragraph 41, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety

42.     With respect to Paragraph 42, this paragraph sets forth a legal conclusion, to which no response is required.  Defendant denies that it employed Plaintiff.

43.     With respect to Paragraph 43, this paragraph sets forth a legal conclusion, to which no response is required.

44.     With respect to Paragraph 44, this paragraph sets forth a legal conclusion, to which no response is required.

45.     With respect to Paragraph 45, Defendant admits the allegations.

46.     With respect to Paragraph 46, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

required, Defendant denies the allegations of this paragraph in their entirety.

47.    With respect to Paragraph 47, Defendant denies the allegations in this paragraph in their entirety.

48.    With respect to Paragraph 48, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

49.    With respect to Paragraph 49, Defendant denies the allegations in this paragraph in their entirety.

50.    With respect to Paragraph 50, Defendant denies the allegations in this paragraph in their entirety.

51.    With respect to Paragraph 51, Defendant denies the allegations in this paragraph in their entirety.

52.    With respect to Paragraph 52, Defendant denies the allegations in this paragraph in their entirety.

53.    With respect to Paragraph 53, Defendant denies the allegations in this paragraph in their entirety.

54.    With respect to Paragraph 54, Defendant admits the allegations.

55.    With respect to Paragraph 55, Defendant admits that it employs full-time employees and also contracts with independent contractors.  Except as expressly admitted herein, Defendant denies the allegations of this paragraph in their entirety.

56.    With respect to Paragraph 56, Defendant denies the allegations in this paragraph in their entirety.

57.    With respect to Paragraph 57, Defendant admits that Drilling Consultants provided services to Macpherson as independent contractors.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

58.    With respect to Paragraph 58, Defendant denies the allegations in this

- 7 -

paragraph in their entirety.

59.    With respect to Paragraph 59, Defendant denies the allegations in this paragraph in their entirety.

60.    With respect to Paragraph 60, Defendant denies the allegations in this paragraph in their entirety.

61.    With respect to Paragraph 61, Defendant denies the allegations in this paragraph in their entirety.

62.    With respect to Paragraph 62, Defendant denies the allegations in this paragraph in their entirety.

63.    With respect to Paragraph 63, Defendant denies the allegations in this paragraph in their entirety.

64.    With respect to Paragraph 64, Defendant admits that it expects the ultimate work performed by independent contractors providing services as Drilling Consultants to adhere to certain quality standards.  Defendant denies that it controls independent contractors' work or otherwise interferes with their professional discretion to achieve the ultimate work product contracted for. Except as expressly admitted herein, Defendant denies the allegations set forth in this paragraph in their entirety.

65.    With respect to Paragraph 65, Defendant admits that it expects the ultimate work performed by independent contractors providing services as Drilling Consultants to adhere to certain quality standards.  Defendant denies that it controls independent contractors' work or otherwise interferes with their professional discretion to achieve the ultimate work product contracted for.

66.    With respect to Paragraph 66, Defendant admits that it expects the ultimate work performed by independent contractors providing services as Drilling Consultants to adhere to certain quality standards.  Defendant denies that it controls independent contractors' work or otherwise interferes with their professional discretion to achieve the ultimate work product contracted for.  Except as expressly

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

admitted herein, Defendant denies the allegations set forth in this paragraph in their entirety.

67.     With respect to Paragraph 67, Defendant denies the allegations in this paragraph in their entirety.

68.     With respect to Paragraph 68, Defendant denies the allegations in this paragraph in their entirety.

69.     With respect to Paragraph 69, Defendant denies the allegations in this paragraph in their entirety.

70.     With respect to Paragraph 70, Defendant denies the allegations in this paragraph in their entirety.

71.     With respect to Paragraph 71, Defendant denies the allegations in this paragraph in their entirety.

72.     With respect to Paragraph 72, Defendant denies the allegations in this paragraph in their entirety.

73.     With respect to Paragraph 73, Defendant denies the allegations in this paragraph in their entirety.

74.     With respect to Paragraph 74, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and, on that basis, denies these allegations in their entirety.

75.     With respect to Paragraph 75, Defendant denies the allegation in this paragraph in their entirety.

76.     With respect to Paragraph 76, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and, on that basis, denies these allegations in their entirety.

77.     With respect to Paragraph 77, Defendant admits that it incurs business and operating expenses related to marketing and related to construction of its well-sites.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

78.     With respect to Paragraph 78, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and, on that basis, denies these allegations in their entirety.

79.     With respect to Paragraph 79, Defendant denies the allegations in this paragraph in their entirety.

80.     With respect to Paragraph 80, Defendant denies the allegations in this paragraph in their entirety.

81.     With respect to Paragraph 81, Defendant denies the allegations in this paragraph in their entirety.

82.     With respect to Paragraph 82, Defendant denies the allegations in this paragraph in their entirety.

83.     With respect to Paragraph 83, Defendant denies the allegations in this paragraph in their entirety.

84.     With respect to Paragraph 84, Defendant admits Johnston intermittently provided services as a Drilling Consultant on Macpherson projects located in and around Bakersfield, Kern County, California from approximately October 2010 to January 2022.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

85.     With respect to Paragraph 85, Defendant denies that it employed Plaintiff.  Defendant admits that Plaintiff operated as an independent contractor and provided Drilling Consultant services on Macpherson projects.

86.     With respect to Paragraph 86, Defendant denies the allegations in their entirety.

87.     With respect to Paragraph 87, Defendant denies the allegations in this paragraph in their entirety.

88.     With respect to Paragraph 88, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit.  Except as

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

89.     With respect to Paragraph 89, Defendant admits that because Plaintiff provided services as an independent contractor, it did not provide Plaintiff with meal and rest break premiums.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

90.     With respect to Paragraph 90, Defendant admits that Johnston performed services on Macpherson projects as an independent contractor and that, because Plaintiff was not employed by Macpherson, it did not provide him with itemized wage statements.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

91.     With respect to Paragraph 91, Defendant denies the allegations in this paragraph in their entirety.

92.     With respect to Paragraph 92, Defendant admits that it requires that its independent contractors safely engage in any contracted work.  Defendant denies that it exercises direct control over Plaintiff or any other independent contractors who provide services as Drilling Consultants.

93.     With respect to Paragraph 93, Defendant denies the allegations in this paragraph in their entirety.

94.     With respect to Paragraph 94, Defendant denies the allegations in this paragraph in their entirety.

95.     With respect to Paragraph 95, Defendant denies the allegations in this paragraph in their entirety.

96.     With respect to Paragraph 96, Defendant denies the allegations in this paragraph in their entirety.

97.     With respect to Paragraph 97, Defendant denies the allegations in this paragraph in their entirety.

98.     With respect to Paragraph 98, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

99.    With respect to Paragraph 99, Defendant denies the allegations in this paragraph in their entirety.

100.    With respect to Paragraph 100, Defendant denies the allegations in this paragraph in their entirety paragraph.

101.    With respect to Paragraph 101, Defendant denies the allegations in this paragraph in their entirety.

102.    With respect to Paragraph 102, Defendant denies the allegations in this paragraph in their entirety.

103.    With respect to Paragraph 103, Defendant denies the allegations in this paragraph in their entirety.

104.    With respect to Paragraph 104, Defendant denies the allegations in this paragraph in their entirety.

105.    With respect to Paragraph 105, Defendant denies the allegations of this paragraph in their entirety.

106.    With respect to Paragraph 106, Defendant denies the allegations in this paragraph in their entirety.

107.    With respect to Paragraph 107, Defendant admits the allegations.

108.    With respect to Paragraph 108, Defendant denies the allegations in this paragraph in their entirety.

109.    With respect to Paragraph 109, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies these allegations in their entirety.

110.    With respect to Paragraph 110, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies these allegations in their entirety.

111.    With respect to Paragraph 111, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   paragraph in their entirety.

2   112.   With respect to Paragraph 112, Defendant lacks sufficient information

3   to admit or deny the allegations and on that basis denies these allegations in their

4   entirety.

5   113.   With respect to Paragraph 113, Defendant lacks sufficient information

6   to admit or deny the allegations and on that basis denies these allegations in their

7   entirety.

8   114.   With respect to Paragraph 114, Defendant lacks sufficient information

9   to admit or deny the allegations and on that basis denies these allegations in their

10   entirety.

11   115.   With respect to Paragraph 115, Defendant lacks sufficient information

12   to admit or deny the allegations and on that basis denies these allegations in their

13   entirety.

14   116.   With respect to Paragraph 116, Defendant lacks sufficient information

15   to admit or deny the allegations and on that basis denies these allegations in their

16   entirety.

17   117.   With respect to Paragraph 117, Defendant lacks sufficient information

18   to admit or deny the allegations and on that basis denies these allegations in their

19   entirety.

20   118.   With respect to Paragraph 118, Defendant lacks sufficient information

21   to admit or deny the allegations and on that basis denies these allegations in their

22   entirety.

23   119.   With respect to Paragraph 119, Defendant lacks sufficient information

24   to admit or deny the allegations and on that basis denies these allegations in their

25   entirety.

26   120.   With respect to Paragraph 120, Defendant lacks sufficient information

27   to admit or deny the allegations and on that basis denies these allegations in their

28   entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

121.   With respect to Paragraph 121, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies these allegations in their entirety.

122.   With respect to Paragraph 122, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies these allegations in their entirety.

123.   With respect to Paragraph 123, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies these allegations in their entirety.

124.   With respect to Paragraph 124, Defendant denies the allegations in this paragraph their entirety.

125.   With respect to Paragraph 125, Defendant denies the allegations in this paragraph in their entirety.

126.    With respect to Paragraph 126, Defendant denies the allegations in this paragraph in their entirety.

127.   With respect to Paragraph 127, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

128.   With respect to Paragraph 128, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

129.   With respect to Paragraph 129, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

130.   With respect to Paragraph 130, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit. Except as expressly admitted herein, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

131.   With respect to Paragraph 131, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

132.   With respect to Paragraph 132, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

133.   With respect to Paragraph 133, Defendant denies the allegations in this paragraph in their entirety.

134.   With respect to Paragraph 134, Defendant denies the allegations in this paragraph in their entirety.

135.   With respect to Paragraph 135, Defendant denies the allegations in this paragraph in their entirety.

136.   With respect to Paragraph 136, Defendant denies the allegations in this paragraph in their entirety.

137.   With respect to Paragraph 137, Defendant denies the allegations in this paragraph in their entirety.

138.   With respect to Paragraph 138, Defendant admits that because Plaintiff provided services as an independent contractor, it did not provide Plaintiff with meal and rest break premiums.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

139.   With respect to Paragraph 139, Defendant denies the allegations in this paragraph in their entirety.

140.   With respect to Paragraph 140, Defendant admits that the independent

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

contractors who provided services as Drilling Consultants have independent discretion to set their own hours worked, consistent with the nature of the work performed.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

141.   With respect to Paragraph 141, Defendant admits that Johnston performed services on Macpherson projects as an independent contractor and that, because Plaintiff was not employed by Macpherson, it did not provide him with itemized wage statements.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

142.   With respect to Paragraph 142, Defendant denies the allegations in this paragraph in their entirety.

143.   With respect to Paragraph 143, Defendant denies the allegations in this paragraph in their entirety.

144.   With respect to Paragraph 144, Defendant denies the allegations in this paragraph in their entirety.

145.   With respect to Paragraph 145, Defendant denies the allegations in this paragraph in their entirety.

146.   With respect to Paragraph 146, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

147.   With respect to Paragraph 147, Defendant admits that Plaintiff purports to bring this present action as a collective action under the FLSA. Defendant denies that this action is properly maintained as a collective action or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

148.   With respect to Paragraph 148, Defendant admits that Plaintiff purports to bring this present action based on alleged violations of the California

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Labor Code and IWC Wage Orders, and that Plaintiff purports to maintain the present action as a class action under the Federal Rules of Civil Procedure. Defendant denies that this action is amenable to class treatment or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

149.    With respect to Paragraph 149, Defendant denies the allegations in this paragraph in their entirety.

150.    With respect to Paragraph 150, Defendant denies the allegations in this paragraph in their entirety.

151.    With respect to Paragraph 151, Defendant denies that any of the alleged practices were illegal.  Defendant is without sufficient information or belief to admit or deny the remaining allegations in this paragraph.

152.    With respect to Paragraph 152, Defendant denies the allegations in this paragraph in their entirety.

153.    With respect to Paragraph 153, Defendant denies the allegations in this paragraph in their entirety.

154.    With respect to Paragraph 154, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

155.    With respect to Paragraph 155, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

156.    With respect to Paragraph 156, Defendant denies the allegations in this paragraph in their entirety.

157.    With respect to Paragraph 157, Defendant denies the allegations in this paragraph in their entirety.

158.    With respect to Paragraph 158, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies

- 17 -

the allegations in this paragraph in their entirety.

159.   With respect to Paragraph 159, lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

160.   With respect to Paragraph 160, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

161.   With respect to Paragraph 161, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit.  Except as expressly admitted herein, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

162.   With respect to Paragraph 162, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

163.   With respect to Paragraph 163, Defendant denies the allegations in this paragraph in their entirety.

164.   With regards to Paragraph 164, Defendant denies the allegations in this paragraph in their entirety.

165.   With regards to Paragraph 165, Defendant denies the allegations in this paragraph in their entirety.

166.   With respect to Paragraph 166, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

167.   With respect to Paragraph 167, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

168.   With respect to Paragraph 168, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

169.   With respect to Paragraph 169, Defendant denies the allegations in this paragraph in their entirety.

170.   With respect to Paragraph 170, Defendant denies the allegations in this paragraph in their entirety.

171.   With respect to Paragraph 170, Defendant denies the allegations in this paragraph in their entirety.

172.   With respect to Paragraph 172, Defendant denies the allegations in this paragraph in their entirety.

173.   With respect to Paragraph 173, Defendant denies the allegations in this paragraph in their entirety.

174.   With respect to Paragraph 174, Defendant denies the allegations in this paragraph in their entirety.

175.   With respect to Paragraph 175, Defendant denies the allegations in this paragraph in their entirety.

176.   With respect to Paragraph 176, Defendant denies the allegations in this paragraph in their entirety.

177.   With respect to Paragraph 177, Defendant lacks sufficient information or belief to admit or deny what Johnston may or may not know.  Defendant denies that this action is properly maintained as a collective action or amenable to class treatment.

178.   With respect to Paragraph 178, Defendant denies the allegations in this paragraph in their entirety.

179.   With respect to Paragraph 179, Defendant denies the allegations in this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

180.   With respect to Paragraph 180, Defendant denies the allegations in this paragraph in their entirety.

181.   With respect to Paragraph 181, Defendant denies the allegations in this paragraph in their entirety.

182.   With respect to Paragraph 182, Defendant denies the allegations in this paragraph in their entirety.

183.   With respect to Paragraph 183, Defendant denies the allegations in this paragraph in their entirety.

184.   With respect to Paragraph 184, Defendant denies the allegations in this paragraph in their entirety.

185.   With respect to Paragraph 185, Defendant denies the allegations in this paragraph in their entirety.

186.   With respect to Paragraph 186, Defendant denies the allegations in this paragraph in their entirety.

187.   With respect to Paragraph 187, Defendant denies the allegations in this paragraph in their entirety.

188.   With respect to Paragraph 188, Defendant denies the allegations in this paragraph in their entirety.

189.   With respect to Paragraph 189, Defendant denies the allegations in this paragraph in their entirety.

190.   With respect to Paragraph 190, Defendant denies the allegations in this paragraph in their entirety.

191.   With respect to Paragraph 191, Defendant denies the allegations in this paragraph in their entirety.

192.   With respect to Paragraph 192, Defendant denies the allegations in this paragraph in their entirety.

193.   With respect to Paragraph 193, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant incorporates by reference all previous denials and admittances of said allegations.

194.   With respect to Paragraph 194, Defendant denies the allegations in this paragraph in their entirety.

195.   With respect to Paragraph 195, Defendant denies the allegations in this paragraph in their entirety.

196.   With respect to Paragraph 196, Defendant denies the allegations in this paragraph in their entirety.

197.   With respect to Paragraph 197, Defendant denies the allegations in this paragraph in their entirety.

198.   With respect to Paragraph 198, Defendant admits that it expects the ultimate work performed by independent contractors providing services as Drilling Consultants to adhere to certain quality standards.  Defendant denies that it controls independent contractors' work or otherwise interferes with their professional discretion to achieve the ultimate work product contracted for.  Except as expressly admitted herein, Defendant denies the allegations of this paragraph in their entirety.

199.   With respect to Paragraph 199, Defendant denies the allegations in this paragraph in their entirety.

200.   With respect to Paragraph 200, Defendant denies the allegations in this paragraph in their entirety.

201.   With respect to Paragraph 201, Defendant denies the allegations in this paragraph in their entirety.

202.   With respect to Paragraph 202, Defendant denies the allegations in this paragraph in their entirety.

203.   With respect to Paragraph 203, Defendant denies the allegations in this paragraph in their entirety.

204.   With respect to Paragraph 204, Defendant denies the allegations in this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

205.   With respect to Paragraph 205, Defendant denies the allegations in this paragraph in their entirety.

206.   With respect to Paragraph 206, Defendant denies the allegations in this paragraph in their entirety.

207.   With respect to Paragraph 207, Defendant denies the allegations in this paragraph in their entirety.

208.   With respect to Paragraph 208, Defendant admits that it has knowledge of the FLSA, California Labor Code, and the applicable Wage Orders that pertained to its employees.  Defendant denies that Plaintiff or the other independent contractors who provided services as Drilling Consultants were improperly misclassified as independent contractors.

209.   With respect to Paragraph 209, Defendant admits that it has knowledge of the fact that the FLSA requires overtime compensation to employees.  Defendant denies that Plaintiff or the other independent contractors who provided services as Drilling Consultants were improperly misclassified as independent contractors.

210.   With respect to Paragraph 210, Defendant admits that it has knowledge of the fact that the California Labor Code and applicable Wage Orders requires the payment of overtime compensation to employees.  Defendant denies that Plaintiff or the other independent contractors who provided services as Drilling Consultants were improperly misclassified as independent contractors.

211.   With respect to Paragraph 211, Defendant admits that it has knowledge of the fact that the California Labor Code and applicable Wage Orders requires the payment of overtime compensation to employees.  Defendant denies that Plaintiff or the other independent contractors who provided services as Drilling Consultants were improperly misclassified as independent contractors.

212.   With respect to Paragraph 212, Defendant denies the allegations in this paragraph in their entirety.

213.   With respect to Paragraph 213, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

214.    With respect to Paragraph 214, Defendant admits that it did not directly pay Johnston because his services were provided pursuant to contract with a third-party service provider.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

215.    With respect to Paragraph 215, Defendant admits that it did not directly pay Johnston because his services were provided pursuant to contract with a third-party service provider.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

216.    With respect to Paragraph 216, Defendant admits that it did not directly pay Johnston because his services were provided pursuant to contract with a third-party service provider.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

217.    With respect to Paragraph 217, Defendant admits that it did not directly pay Johnston because his services were provided pursuant to contract with a third-party service provider.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

218.    With respect to Paragraph 218, Defendant denies the allegations in this paragraph in their entirety.

219.    With respect to Paragraph 219, Defendant denies the allegations in this paragraph in their entirety.

220.    With respect to Paragraph 220, Defendant denies the allegations in this paragraph in their entirety.

221.    With respect to Paragraph 221, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

222.    With respect to Paragraph 222, Defendant denies the allegations in this paragraph in their entirety.

223.    With respect to Paragraph 223, Defendant denies the allegations in this paragraph in their entirety.

224.    With respect to Paragraph 224, Defendant admits the allegations.

225.    With respect to Paragraph 225, Defendant admits the allegations.

226.    With respect to Paragraph 226, Defendant denies the allegations in this paragraph in their entirety.

227.    With respect to Paragraph 227, Defendant denies the allegations in this paragraph in their entirety.

228.    With respect to Paragraph 228, Defendant denies the allegations in this paragraph in their entirety.

229.    With respect to Paragraph 229, Defendant denies the allegations in this paragraph in their entirety.

230.    With respect to Paragraph 230, Defendant denies the allegations in this paragraph in their entirety.

231.    With respect to Paragraph 231, Defendant denies the allegations in this paragraph in their entirety.

232.    With respect to Paragraph 232, Defendant denies the allegations in this paragraph in their entirety.

233.    With respect to Paragraph 233, Defendant denies the allegations in this paragraph in their entirety.

234.    With respect to Paragraph 234, Defendant denies the allegations in this paragraph in their entirety.

235.    With respect to Paragraph 235, Defendant denies the allegations in this paragraph in their entirety.

236.    With respect to Paragraph 236, Defendant admits that it knew that the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

California Labor Code and applicable IWC Wage Orders required that it pay meal and rest break premiums to employees if an employee was entitled to but denied an off-duty meal or rest break.  Defendant denies that Plaintiff and other independent contractors who provided services as Drilling Consultants were employees and therefore were entitled to meal and rest break premiums.

237.   With respect to Paragraph 237,  Defendant admits that it knew that the California Labor Code and applicable IWC Wage Orders required that it pay meal and rest break premiums to employees if an employee was entitled to but denied an off-duty meal or rest break.  Defendant denies that Plaintiff and other independent contractors who provided services as Drilling Consultants were employees and therefore were entitled to meal and rest break premiums.

238.   With respect to Paragraph 238, Defendant denies the allegations in this paragraph in their entirety.

239.   With respect to Paragraph 239 Defendant denies the allegations in this paragraph in their entirety.

240.   With respect to Paragraph 240, Defendant denies the allegation in this paragraph in their entirety.

241.    With respect to Paragraph 241, Defendant admits that Johnston performed services on Macpherson projects as an independent contractor and that, because Plaintiff was not employed by Macpherson, it did not provide him with itemized wage statements.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

242.   With respect to Paragraph 242, Defendant denies the allegations in this paragraph in their entirety.

243.   With respect to Paragraph 243, Defendant denies the allegations in this paragraph in their entirety.

244.   With respect to Paragraph 244, Defendant denies the allegations in this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

245.   With respect to Paragraph 245, Defendant denies the allegations in this paragraph in their entirety.

246.   With respect to Paragraph 246, Defendant denies the allegations in this paragraph in their entirety.

247.   With respect to Paragraph 247, Defendant denies the allegations in this paragraph in their entirety.

248.   With respect to Paragraph 248, Defendant denies the allegations in this paragraph in their entirety.

249.   With respect to Paragraph 249, Defendant denies the allegations in this paragraph in their entirety.

250.   With respect to Paragraph 250, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

251.   With respect to Paragraph 251, Defendant admits that Plaintiff purports to bring this present action as a collective action under the FLSA. Defendant denies that this action is properly maintained as a collective action or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

252.   With respect to Paragraph 252, Defendant denies the allegations in this paragraph in their entirety.

253.   With respect to Paragraph 253, Defendant denies the allegations in this paragraph in their entirety.

254.   With respect to Paragraph 254, Defendant denies the allegations in this paragraph in their entirety.

255.   With respect to Paragraph 255, Defendant denies the allegations in this paragraph in their entirety.

256.   With respect to Paragraph 256, Defendant denies the allegations in this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph in their entirety.

257.   With respect to Paragraph 257, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

258.   With respect to Paragraph 258, Defendant admits that Plaintiff purports to bring this present action based on alleged violations of the California Labor Code and IWC Wage Orders, and that Plaintiff purports to maintain this action as a class action under the Federal Rules of Civil Procedure.  Defendant denies that any of Plaintiff's claims are amenable to class treatment or that Plaintiff is entitled to any recovery of any alleged damages.

259.   With respect to Paragraph 259, Defendant admits the allegations.

260.   With respect to Paragraph 260, Defendant denies the allegations in this paragraph in their entirety.

261.   With respect to Paragraph 261, Defendant denies the allegations in this paragraph in their entirety.

262.   With respect to Paragraph 262, Defendant denies the allegations in this paragraph in their entirety.

263.   With respect to Paragraph 263, this paragraph sets forth a legal conclusion, to which no response is required.

264.   With respect to Paragraph 264, this paragraph sets forth a legal conclusion, to which no response is required.

265.   With respect to Paragraph 265, this paragraph sets forth a legal conclusion, to which no response is required.

266.   With respect to Paragraph 266, this paragraph sets forth a legal conclusion, to which no response is required.

267.   With respect to Paragraph 267, Defendant denies that Plaintiff and other independent contractors who provided services as Drilling Consultants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

regularly worked over 8 hours in a day or 40 hours in work week.  Except as expressly admitted herein, Defendant lacks sufficient information and belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

268.   With respect to Paragraph 268, Defendant denies that Plaintiff and other independent contractors who provided services as Drilling Consultants regularly worked over 12 hours in a day or 8 hours after the seventh day of consecutive work in a work week.  Except as expressly admitted herein, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph in their entirety.

269.   With respect to Paragraph 269, Defendant denies the allegations in this paragraph in their entirety.

270.   With respect to Paragraph 270, Defendant denies the allegations in this paragraph in their entirety.

271.   With respect to Paragraph 271, Defendant denies the allegations in this paragraph in their entirety.

272.   With respect to Paragraph 272, Defendant denies the allegations in this paragraph in their entirety.

273.   With respect to Paragraph 273, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

274.   With respect to Paragraph 274, Defendant admits that Plaintiff purports to bring this present action based on alleged violations of the California Labor Code and IWC Wage Orders, and that Plaintiff purports to maintain this present action as a class action under the Federal Rules of Civil Procedure. Defendant denies that this action is amenable to class treatment or that Plaintiff or any other independent contractors who provided services as Drilling Consultants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   are entitled to any recovery.

2        275.   With respect to Paragraph 275, Defendant admits the allegations.

3        276.   With respect to Paragraph 276, Defendant denies the allegations in this

4   paragraph in their entirety.

5        277.   With respect to Paragraph 277, Defendant denies the allegations in this

6   paragraph in their entirety.

7        278.   With respect to Paragraph 278, Defendant denies the allegations in this

8   paragraph in their entirety.

9        279.   With respect to Paragraph 279, this paragraph sets forth a legal

10  conclusion, to which no response is required.  To the extent a response is deemed

11  required, Defendant denies the allegations of this paragraph in their entirety.

12       280.   With respect to Paragraph 280, this paragraph sets forth a legal

13  conclusion, to which no response is required.  To the extent a response is deemed

14  required, Defendant denies the allegations of this paragraph in their entirety.

15       281.   With respect to Paragraph 281, this paragraph sets forth a legal

16  conclusion, to which no response is required.  To the extent a response is deemed

17  required, Defendant denies the allegations of this paragraph in their entirety.

18       282.   With respect to Paragraph 282, this paragraph sets forth a legal

19  conclusion, to which no response is required.  To the extent a response is deemed

20  required, Defendant denies the allegations of this paragraph in their entirety.

21       283.   With respect to Paragraph 283, this paragraph sets forth a legal

22  conclusion, to which no response is required.  To the extent a response is deemed

23  required, Defendant denies the allegations of this paragraph in their entirety.

24       284.   With respect to Paragraph 284, Defendant denies the allegations in this

25  paragraph in their entirety.

26       285.   With respect to Paragraph 285, Defendant denies the allegations in this

27  paragraph in their entirety.

28       286.   With respect to Paragraph 286, Defendant admits because Plaintiff and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

other independent contractors who provided services as Drilling Consultants provided services as independent contractors, it did not provide them with meal and rest break premiums. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

287.   With respect to Paragraph 287, Defendant admits because Plaintiff and other independent contractors who provided services as Drilling Consultants provided services as independent contractors, it did not provide them with meal and rest break premiums. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

288.   With respect to Paragraph 288, Defendant admits that Plaintiff provided services on Macpherson projects as an independent contractor and retained independent discretion to take meal periods and rest breaks as he saw fit. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

289.   With respect to Paragraph 289, Defendant admits because Plaintiff and other independent contractors who provided services as Drilling Consultants provided services as independent contractors, it did not provide them with meal and rest break premiums. Except as expressly admitted herein, Defendant denies the allegations in this paragraph in their entirety.

290.   With respect to Paragraph 290, Defendant denies the allegations in this paragraph in their entirety.

291.   With respect to Paragraph 291, Defendant denies the allegations in this paragraph in their entirety.

292.   With respect to Paragraph 292, Defendant denies the allegations in this paragraph in their entirety.

293.   With respect to Paragraph 293, Defendant denies the allegations in this paragraph in their entirety.

294.   With respect to Paragraph 294, Defendant denies the allegations in this

- 30 -

paragraph in their entirety.

295.   With respect to Paragraph 295, Defendant denies the allegations in this paragraph in their entirety.

296.   With respect to Paragraph 296, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

297.   With respect to Paragraph 297, Defendant admits that Plaintiff purports to bring this present action based on alleged violations of the California Labor Code and IWC Wage Orders, and that Plaintiff purports to maintain this action as a class action under the Federal Rules of Civil Procedure.  Defendant denies that this action is amenable to class treatment or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

298.   With respect to Paragraph 298, Defendant admits the allegations.

299.   With respect to Paragraph 299, Defendant denies the allegations in this paragraph in their entirety.

300.   With respect to Paragraph 300, Defendant denies the allegations in this paragraph in their entirety.

301.   With respect to Paragraph 301, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

302.   With respect to Paragraph 302, his paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

303.   With respect to Paragraph 303, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

304.   With respect to Paragraph 304, Defendant denies the allegations in this paragraph in their entirety.

305.   With respect to Paragraph 305, Defendant denies the allegations in this paragraph in their entirety.

306.   With respect to Paragraph 306, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

307.   With respect to Paragraph 307, Defendant admits that Plaintiff purports to bring this action based on alleged violations of the California Labor Code and IWC Wage Orders, and that Plaintiff purports to maintain this action as a class action under the Federal Rules of Civil Procedure.  Defendant denies that this action in amenable to class treatment or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

308.   With respect to Paragraph 308, Defendant admits the allegations.

309.   With respect to Paragraph 309, Defendant denies the allegations in this paragraph in their entirety.

310.   With respect to Paragraph 310, Defendant denies the allegations in this paragraph in their entirety.

311.   With respect to Paragraph 311, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

312.   With respect to Paragraph 312, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

313.   With respect to Paragraph 313, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

required, Defendant denies the allegations of this paragraph in their entirety.

314.   With respect to Paragraph 314, Defendant denies the allegations in this paragraph in their entirety.

315.   With respect to Paragraph 315, Defendant denies the allegations in this paragraph in their entirety.

316.   With respect to Paragraph 316, Defendant denies the allegations in this paragraph in their entirety.

317.   With respect to Paragraph 317, Defendant denies the allegations in this paragraph in their entirety.

318.   With respect to Paragraph 318, Defendant denies the allegations in this paragraph in their entirety.

319.   With respect to Paragraph 319, Defendant denies the allegations in this paragraph in their entirety.

320.   With respect to Paragraph 320, this paragraph sets forth a legal conclusion, to which no response is required.

321.   With respect to Paragraph 321, Defendant denies the allegations in this paragraph in their entirety.

322.   With respect to Paragraph 322, this paragraph contains no factual allegations.  To the extent that Plaintiff reincorporates previous factual allegations, Defendant incorporates by reference all previous denials and admittances of said allegations.

323.   With respect to Paragraph 323, Defendant admits that Plaintiff purports to bring his UCL claim as a class action under the Federal Rules of Civil Procedure.  Defendant denies that this action is amenable to class treatment or that Plaintiff or any other independent contractors who provided services as Drilling Consultants are entitled to any recovery.

324.   With respect to Paragraph 324, this paragraph sets forth a legal conclusion, to which no response is required.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

325.   With respect to Paragraph 325, this paragraph sets forth a legal conclusion, to which no response is required.

326.   With respect to Paragraph 326, this paragraph sets forth a legal conclusion, to which no response is required.

327.   With respect to Paragraph 327, Defendant denies the allegations in this paragraph in their entirety.

328.   With respect to Paragraph 328, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

329.   With respect to Paragraph 329, Defendant denies the allegations in this paragraph in their entirety.

330.   With respect to Paragraph 330, Defendant denies the allegations in this paragraph in their entirety.

331.   With respect to Paragraph 331, this paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph in their entirety.

332.   With respect to Paragraph 332, Defendant denies the allegations in this paragraph in their entirety.

333.   With respect to Paragraph 333, Defendant denies the allegations in this paragraph in their entirety.

334.   With respect to Paragraph 334, this paragraph sets forth a legal conclusion, to which no response is required.

335.   With respect to Paragraph 335, Defendant denies the allegations in this paragraph in their entirety.

336.   With respect to Paragraph 336, Defendant denies the allegations in this paragraph in their entirety.

337.   With respect to Paragraph 337, Defendant denies the allegations in this paragraph in their entirety.

1     338.   With respect to Paragraph 338, Defendant denies the allegations in this
2  paragraph in their entirety.

3     339.   With respect to Paragraph 339, Defendant denies the allegations in this
4  paragraph in their entirety.

5     340.   With respect to Plaintiffs' Prayer for Relief, Defendant denies,
6  generally and specifically, that Plaintiff or the putative class or collective action
7  members are entitled to any remedy or relief.

## AFFIRMATIVE DEFENSES.

9     341.   Defendant asserts and alleges each of the affirmative defenses set forth
10  below.  In asserting these affirmative defenses, Defendant is not assuming the
11  burden to establish any fact or proposition where that burden is properly imposed
12  on Plaintiffs.  Defendant reserves the right to assert additional affirmative defenses
13  based on facts that are revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

16     342.   Defendant alleges that the Complaint, and each and every claim for
17  relief therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

20     343.   Defendant alleges that the claims of Plaintiffs, the putative class
21  members, and/or the alleged collective action members are barred, in whole or in
22  part, by the applicable statutes of limitations, including but not limited to the
23  statutes of limitations set forth in California Code of Civil Procedure sections
24  338(a), 339, and 340 and California Business & Professions Code section 17208.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## THIRD AFFIRMATIVE DEFENSE

### (Release)

344.   Defendant alleges that certain putative class and/or collective action members may have released, relinquished, or abandoned some or all of the claims asserted in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

345.   Defendant alleges that Plaintiff's claims are subject to mandatory, binding arbitration pursuant to the terms of an enforceable arbitration agreement.

## FIFTH AFFIRMATIVE DEFENSE

### (Labor Code § 203 – No Willful or Intentional Violation)

346.   Defendant alleges that Plaintiff, putative class and/or collective action members are not entitled to any penalty award under Section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully or intentionally fail to comply with any provisions of the California Labor Code or applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or applicable wage order.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

347.   Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

348.   Defendant alleges that any recovery by Plaintiff or the putative class and/or collective action members must be offset by any amount overpaid, if any.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

349.   Defendant alleges that the claims of Plaintiff, the putative class and/or collective action members are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

350.   Defendant alleges that the claims of Plaintiff, the putative class and/or collective action members are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

351.   Defendant alleges that Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Joint Employment or Vicarious Liability)

352.   Defendant alleges that Plaintiff is attempting to hold Defendant liable for purported wage and hour violations allegedly committed by unnamed third-party employers and contends that it is not a proper defendant with respect to such purported wage and hour violations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

353.   Defendant is informed and believes and thereon alleges that, to the extent Plaintiff, the putative class and/or collective action members, alleged any actual damages, by exercise of reasonable efforts, Plaintiff, certain putative class and/or collective action members may have failed to mitigate the amount of damages they allegedly suffered, but Plaintiff, the putative class and/or collective action members, failed to do so.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

354.   Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and/or certain putative class and/or collective action members lack standing to assert any purported cause of action, as well as any request for damages or other relief, alleged in the Complaint, including without limitation standing as required by Article III of the United States Constitution, and that Plaintiff lacks standing to represent all or part of the putative class and/or collective action members.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

355.   Defendant alleges there exists a bona fide dispute as to whether any compensation is due to Plaintiff, the putative class, and/or collective members, and if so, the amount thereof.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Adequately Plead Claim for Penalties Under Labor Code § 201)

356.   Defendant alleges that Plaintiff does not sufficiently state a claim for penalties under Section 201 of the California Labor Code where he does not allege either the amount of the wages accrued and unpaid at the time of the discharge, the rate of compensation, or the number of working days for which he has not been paid.  Plaintiff's claims for relief are barred because he has failed to allege the amount of wages accrued and unpaid and the rate of compensation at discharge.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Intentional Failure)

357.   Defendant alleges that, even assuming arguendo that Plaintiff, the putative class members, and/or the alleged collective action members were not provided with a proper itemized statement of wages and deductions, Plaintiff, the putative class members, and/or the alleged collective action members are not

- 38 -

entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Civil Penalties Barred by Due Process Clauses)

358.    Defendant alleges that Plaintiff's claim for civil penalties is not cognizable under the facts of this case and is otherwise barred by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Civil Penalties Barred by Excessive Fines Clauses)

359.    Defendant alleges that Plaintiff's claim for civil penalties is not cognizable under the facts of this case and is otherwise barred by the Excessive Fines Clauses of the Eighth Amendment of the United States Constitution and Article I, Section 17 of the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

360.    Defendant alleges that Plaintiff's claims for injunctive relief are barred because Plaintiff, putative class members, and/or the allegedly aggrieved employees have an adequate and complete remedy at law and/or Plaintiff cannot make the requisite showing to obtain injunctive relief.

## Twentieth Affirmative Defense
### (Ratification)

361.    Plaintiff, certain putative class members, and/or certain collective action members cannot proceed with any of their claims for relief because of their ratification, agreement, assent, acquiescence, or consent to Defendant's alleged conduct.

//

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### Twenty-first Affirmative Defense

### (Substantial Compliance)

362.   The Complaint and each claim therein are barred, in whole or in part, because Defendant substantially complied with the provisions of all relevant laws.

### Twenty-Second Affirmative Defense

### (Unconstitutional Wage Order)

363.   Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### Twenty-Second Affirmative Defense

### (De Minimis)

364.   The claims of Plaintiffs, the putative class members, and/or the collective action members fail in whole or in part under the de minimis doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

### Twenty-Third Affirmative Defense

### (No Private Right of Action)

365.   To the extent Plaintiff seeks to recover relief for alleged violations of California Labor Code section 204, such claims are barred because no private right of action is provided for alleged violations of California Labor Code section 204.

### Twenty-Fourth Affirmative Defense

### (No Derivative Claim)

366.   To the extent Plaintiff seeks to recover relief for alleged wage statement violations or waiting time penalties which are derivative of his other claims, such claims are barred because a plaintiff cannot recover penalties for such derivative claims. *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308

1  (2018); *see also Naranjo v. Spectrum Security Services, Inc.*, 172 Cal. App. 654

2  (2019).

3  <u>**Twenty-Fifth Affirmative Defense**</u>

4  **(Failure to Satisfy Requirements of Representative Claims)**

5  367.    Plaintiffs has failed to plead adequately the elements which are

6  necessary to maintain a representative collective action under the FLSA or a class

7  action under Federal Rules of Civil Procedure Rule 23 because the individuals

8  Plaintiff seeks to represent are not "similarly situated."  Furthermore, Plaintiff fails

9  to allege with specificity FRCP Rule 23's numerosity, commonality, typicality,

10  adequacy, predominance, and superiority requirements.

11  <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

12  **(Reservation of Future Defenses)**

13  368.   Defendant hereby gives notice that it intends to rely on such other and

14  further defenses as may become available during discovery in this action and

15  reserves the right to amend this Answer to assert any such defenses.

16

17  **WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

18     (a)    That Plaintiff take nothing by way of his Complaint;

19     (b)    That judgment be entered in favor of Defendant and against Plaintiff

20  on all causes of action;

21     (c)    That Defendant be awarded the costs of suit incurred herein;

22     (d)    That Defendant be awarded reasonable attorney's fees according to

23  proof provided under the Labor Code; and

24     (e)    That Defendant be awarded such other and further relief as the Court

25  may deem appropriate.

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  September 6, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: _____
     MICHAEL S. CHAMBERLIN
     MATTHEW W. MORRIS

*Attorneys for Defendant*
MACPHERSON OIL COMPANY LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 42 -