UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACPHERSON OIL COMPANY, LLC,<br><br>Defendant. | Case No. 1:23-cv-01023-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 30) |

On July 7, 2023, Plaintiff Cecil Johnston ("Plaintiff") initiated this action with the filing of a complaint against Defendant Macpherson Oil Company, LLC, asserting claims on behalf of himself and a putative class. (Doc. 1). On April 16, 2026, the parties filed a stipulated dismissal of the action with prejudice. (Doc. 30).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and the parties are entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Here, no class has been certified, Plaintiff has not sought certification (*see* Doc. 21), certification has not been proposed for purposes of settlement, and Plaintiff's action in seeking dismissal reflects that he no longer intends to proceed with a class action. Where no class has been certified, and where any dismissal would not affect putative class members' claims (*i.e.*, where the dismissal of class claims is *without prejudice*), Rule 23(e) does not mandate either Court approval of any settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

The parties' stipulation of dismissal purports to dismiss the entire action – including claims on behalf of putative class members – *with prejudice*. Permitting dismissal of class claims with prejudice would improperly concede the interests of any potential new class action. *See Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *2 (E.D. Cal. Oct. 12, 2021) ("the settlement between plaintiff and defendants resolves only plaintiff's individual claims—because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded"). For the reasons set forth above and under the circumstances present here, while the parties may dismiss the asserted class claims without prejudice, they may not dismiss those claims with prejudice.

In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

*Remainder of This Page Intentionally Left Blank*

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class.

IT IS SO ORDERED.

Dated:   **April 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3